Filed 5/14/24  P. v. Bishop CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TREVOR JIM BISHOP,<br><br>    Defendant and Appellant. | F086785<br><br>(Super. Ct. No. VCF280823a)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet Boccone, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Smith, J. and Meehan, J.

Trevor Jim Bishop challenges, in this sentencing appeal, the sentence imposed by the trial court at a resentencing hearing necessitated by retroactive changes in sentencing laws following his original sentencing. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2017, a jury found Trevor Bishop guilty of one count of second degree murder (Pen. Code,[1] § 187, subd. (a); count 1) and one count of assault on a child under eight years old by means of force likely to produce great bodily injury and resulting in death (§ 273ab, subd. (a); count 2). Bishop was sentenced to 25 years to life in prison on count 2; he was sentenced to 15 years to life in prison on count 1, which sentence was stayed under section 654.

Bishop's convictions were affirmed in an opinion issued by this court in a prior appeal filed by him. (*People v. Bishop* (May 5, 2022, F076745) [nonpub. opn.] (*Bishop I*).) At that time, this court remanded the matter for resentencing to permit the trial court to exercise newly granted discretion under section 654, subdivision (a), as amended by Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Assembly Bill No. 518). (Stats. 2021, ch. 441, § 1.)

At a resentencing hearing on August 15, 2023, the trial court reimposed Bishop's original sentence, that is 25 years to life in prison on count 2 and 15 years to life in prison on count 1 (stayed under section 654). This appeal followed.

As for the evidence adduced at the underlying trial in this matter, we exhaustively detailed the relevant facts in *Bishop I* and we therefore need not repeat them here. (*Bishop I*, *supra*, F076745.)

---

[1] Subsequent undesignated statutory references are to the Penal Code.

## DISCUSSION

### The Sentence Imposed at Resentencing Was Not an Abuse of Discretion

"Regarding [Assembly Bill No.] 518 and Penal Code section 654, previously that section required an act or omission punishable in different ways by different laws to be punished under the law that provided for the longest potential term of imprisonment. [Assembly Bill No.] 518 amended Penal Code section 654 to afford sentencing courts the discretion to punish the act or omission under either provision." (*People v. Mani* (2022) 74 Cal.App.5th 343, 351.)

Thus, when Bishop was sentenced initially, section 654 required the trial court to impose the 25 years to life sentence for fatal assault on a child (count 2) as the principal term and stay the term of 15 years to life for second degree murder (count 1) under section 654, because the 25 years to life term was longer. At resentencing in August 2023, in light of the amendment to section 654, the trial court had the discretion to impose either term as the principal term. The trial court exercised its new discretion to sentence Bishop in the same manner as it had originally done. Bishop claims the trial court erred. We disagree and affirm.

We review a trial court's discretionary sentencing choices for abuse of discretion. (*People v. Nicolas* (2017) 8 Cal.App.5th 1165, 1182; *People v. Ogg* (2013) 219 Cal.App.4th 173, 185.) The party attacking the sentence bears the burden to show the court abused its discretion in imposing the sentence. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977.) To meet this burden, the party must show that the sentencing court "act[ed] while unaware of the scope of its discretion" (*People v. Tirado* (2022) 12 Cal.5th 688, 694), or that it "considered impermissible factors" (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*), or that it made a choice "so irrational or arbitrary that no reasonable person could agree with it" (*Carmony*, at p. 377).

Bishop essentially argues that no reasonable person could agree with the court's decision to select the sentence for fatal assault on a child (count 2) as the principal term

because (1) Bishop had taken steps to rehabilitate himself "through classes and programs" in prison, and (2) recent sentencing trends militate in favor of more lenient sentencing.  We are not persuaded.  In light of the nature of the facts underlying the charges of conviction, we conclude Bishop has failed to establish the court abused its discretion in resentencing him in the same manner as it had at his original sentencing.

## DISPOSITION

The judgment is affirmed.